HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

MAUREEN RIORDAN
Acting Chief, Voting Section
Civil Rights Division

ERIC NEFF
Trial Attorney, Voting Section
Civil Rights Division

U.S. Department of Justice
4 Constitution Square
150 M Street NE, Ste. 8.139
Washington, D.C. 20002
Telephone: (202) 704-5430
Email: Eric.Neff@usdoj.gov

Attorneys for Plaintiff, UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO: |
| Plaintiff, | COMPLAINT |
| v. | |
| ANTHONY ALBENCE, in his official capacity as State Election Commissioner of the State of Delaware, | |
| Defendant. | |

## INTRODUCTION

1. Title III of the Civil Rights Act of 1960 ("CRA") imposes a "sweeping" obligation on election officials, *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962), to "retain and preserve … *all* records and papers which come into [their] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election," 52 U.S.C. § 20701 (emphasis added).

2. Title III likewise grants the Attorney General the sweeping power to obtain these records: "Any record or paper required by section 301 to be retained and preserved shall, upon demand in writing by the Attorney General or [her]

representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative….." 52 U.S.C. § 20703. The written demand "shall contain a statement of the basis and the purpose therefor." *Id.*

3. If the custodian to whom the written demand refuses to comply, the CRA requires "a special statutory proceeding in which the courts play a limited, albeit vital, role" in assisting the Attorney General's investigative powers. *Lynd*, 306 F.2d at 225. The Attorney General or her representative may request a Federal court to issue an order directing the officer of election to produce the demanded records, akin to "a traditional order to show cause, or to produce in aid of an order of an administrative agency." *Id.*

4. In this "summary" proceeding, *In re Gordon*, 218 F. Supp. 826, 826-27 (S.D. Miss. 1963), the Attorney General need only show that she made a "written demand" for records covered by Section 301 of the CRA and that "the person against whom an order for production is sought … has failed or refused to make such papers 'available for inspection, reproduction, and copying,'" *Lynd*, 306 F.2d at 226 (quoting 52 U.S.C. § 20703). The court does not adjudicate "the factual foundation for, or the sufficiency of, the Attorney General's 'statement of the basis

and the purpose' contained in the written demand" or "the scope of the order to produce." *Id.*

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 2201(a); 52 U.S.C. §§ 20510(a) and 21111; and 52 U.S.C. § 20705.

6. Venue for this action is proper in the United States District Court for the District of Delaware because the actions giving rise to the suit occurred in the district and the Defendant in his official capacity resides in the district. 28 U.S.C. § 1391(b)(1), (c)(2).

## PARTIES

7. Plaintiff is the Attorney General of the United States. The Attorney General has authority to enforce various federal election statutes, including the CRA, *see* 52 U.S.C. § 20703; the National Voter Registration Act ("NVRA"), *id.* § 20510(a); and Title III of the Help America Vote Act ("HAVA"), *id.* § 21111.

8. Defendant State Election Commissioner Anthony Albence is sued in his official capacity as chief State election official responsible for coordinating Delaware's responsibilities under the NVRA. *See* 52 U.S.C. § 20509; 15 Del. C. § 301 *et seq.* Commissioner Albence is an officer of election as defined by Section 306 of the CRA. *See* 52 U.S.C. § 20706.

## BACKGROUND

9. This proceeding arises from the Attorney General's investigation into Delaware's compliance with federal election law, particularly the NVRA and HAVA.

10. Both the NVRA and HAVA require state election officials to maintain and preserve certain records and papers that fall within the scope of Section 301 of Title III of the CRA.

## THE NATIONAL VOTER REGISTRATION ACT

11. The NVRA requires each State to "designate a state officer or employee as the chief State election official to be responsible for coordination of State responsibilities" under the NVRA. 52 U.S.C. § 20509. Defendant Albence is the chief election official of the State of Delaware.

12. The NVRA requires States to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of" the death of the registrant, or "a change in the residence of the registrant, in accordance with subsections (b), (c), and (d)[.]" 52 U.S.C. §§ 20507(a)(4)(A)-(B).

13. The NVRA also requires States to maintain, with exceptions not relevant here, "all records concerning the implementation of programs and activities

conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i)(1).

### THE HELP AMERICA VOTE ACT

14. HAVA requires all States to maintain and administer "a single, uniform, official, centralized, interactive computerized statewide voter registration list" that contains "the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State." 52 U.S.C. § 21083(a)(1)(A).

15. HAVA further establishes "[m]inimum standard[s] for accuracy of State voter registration records," 52 U.S.C. § 21083(a)(4), and prohibits States from processing voter-registration applications without obtaining and verifying certain identifying information from the applicants, *id.* § 21083(a)(5)(A).

### FACTUAL ALLEGATIONS

16. The United States Election Assistance Commission ("EAC")—"an independent, bipartisan commission whose mission is to help election officials improve the administration of elections and help Americans participate in the election process"—conducts a biennial Election Administration and Voting Survey ("EAVS"). EAC, *About the EAC*, http://eac.gov/about (last visited Nov. 14, 2025).

17. For the EAC's most recent report, "Election Administration and Voting Survey 2024 Comprehensive Report: A Report from the U.S. Election Assistance

Commission to the 119th Congress" ("2024 EAVS Report"), States "reported data on their efforts to keep voter registration lists current and accurate, known as list maintenance." EAC, 2024 EAVS Report at 7.[1]

18.     Based on a review of the 2024 EAVS Report, the Attorney General sent a letter to Commissioner Albence on July 11, 2025, seeking information regarding Delaware's compliance with federal election law. Exhibit 1, Letter from Attorney General to Commissioner Albence ("July 11 Letter").

19.     The Letter requested, among other information and documents, a list of the election officials who are responsible for implementing Delaware's general program of voter registration list maintenance and a description of the steps that Delaware has taken, and when those steps were taken, to ensure that the State's list maintenance program has been properly carried out in full compliance with the NVRA. The July 11 Letter also requested—pursuant to Section 8(i) of the NVRA—that Delaware provide a current electronic copy of its computerized statewide voter registration list ("SVRL"), required under Section 303 of HAVA. *Id.* at 1.

20.     The Attorney General's July 11 Letter asked Delaware to produce the requested information and records by encrypted email or via the secure file-sharing system, Justice Enterprise File Sharing (JEFS).

---

[1] https://www.eac.gov/sites/default/files/2025-07/2024_EAVS_Report_508.pdf (last visited Nov. 24, 2025).

21. In response, on July 25, 2025, Commissioner Albence sent a letter stating that he "anticipate[s] fully responding to the requests and issues raised in your July Letter, in a manner consistent with Delaware's obligations under the NVRA and its duties under Delaware law, in due course."

22. On August 4, 2025, the Attorney General responded to the July 25, 2025, letter by requesting that Delaware provide all previously requested information by August 15, 2025.

23. On August 14, 2025, the Attorney General sent Delaware a written demand made pursuant to the CRA. *See* 52 U.S.C. § 20703, demanding "an electronic copy of Delaware's complete and current VRL" and advised that "[t]he purpose of the request is to ascertain Delaware's compliance with the list maintenance requirements of the NVRA and HAVA" ("August 14 Letter"). *See* Ex. 3 at 2 (describing the scope of records and papers demanded). The August 14 Letter directed that the SVRL should contain "all fields, which includes either the registrant's full name, date of birth, residential address, his or her state driver's license number, or the last four digits of the registrant's social security number as required under the Help America Vote Act ('HAVA') to register individuals for federal elections. *See* 52 U.S.C. § 21083(a)(5)(A)(i)" (footnote omitted).

24. The August 14 Letter explained "that HAVA specifies that the 'last 4 digits of a social security number . . . shall not be considered a social security number

for purposes of section 7 of the Privacy Act of 1974'" (5 U.S.C. § 552(a) note); 52 U.S.C. § 21083(c)). In addition, any prohibition of disclosure of a motor vehicle record contained in the Driver's License Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to accomplish its enforcement authority as the Attorney General is now doing.

25. The August 14 Letter also provided that "the information that the U.S. Justice Department collects will be maintained consistent with Privacy Act protections as explained on the Department's website at https://civilrights.justice.gov/privacy-policy#:~:text=Our%20Statutes-,Privacy%20Act%20Statement,the%20scope%20of%20our%20jurisdiction. The full list of routine uses for this collection of information can be found in the System of Records Notice ("SORN") titled, JUSTICE/CRT – 001, "Central Civil Rights Division Index File and Associated Records", 68 Fed. Reg. 47610-01, 611 (Aug. 11, 2003); 70 Fed. Reg. 43904-01 (July 29, 2005); and 82 Fed. Reg. 24147-01 (May 25, 2017). It should be noted that the statutes cited for routine use include NVRA, HAVA, and the CRA. The records in the SORN are kept under the authority of 44 U.S.C. § 3101 and in the ordinary course of fulfilling the responsibility assigned to the Civil Rights Division under the provisions of 28 C.F.R. §§ 0.50, 0.51.ON."

26. On August 15, 2025, Commissioner Albence sent a letter that provided responsive information to several of the questions in the July 11 Letter but failed to provide the requested SVRL, stating that he needed clarification about how privacy concerns, including application of the 1974 Privacy Act, impacted Delaware's duty to provide the requested information.

27. On September 16, 2025, Commissioner Albence formally refused the Attorney General's written demand.

## COUNT ONE
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

28. On August 14, 2025, the Attorney General sent a written demand to Commissioner Albence for the production of specific election records, as authorized by the CRA, 52 U.S.C. § 20703.

29. The written demand "contain[ed] a statement of the basis and the purpose therefor." 52 U.S.C. § 20703.

30. Commissioner Albence refused to provide the records requested, as described in his letter dated September 16, 2025.

Wherefore, the United States respectfully requests this Court:

A. Declare that Defendant's refusal to provide the election records upon a demand by the Attorney General violates Title III of the Civil Rights Act as required by 52 U.S.C. § 20703;

B. Order Defendant to provide to the United States the current electronic copy of Delaware's computerized statewide voter registration list, with all fields, including each registrant's full name, date of birth, residential address, and either their state driver's license number, or the last four digits of their Social Security number as required by 52 U.S.C. § 21083; and awards such additional relief as the interests of justice may require.

Dated: December 2, 2025				Respectfully submitted:

				HARMEET K. DHILLON
				Assistant Attorney General
				Civil Rights Division


				*Maureen Riordan*
				MAUREEN S. RIORDAN
				Acting Chief, Voting Section
				Civil Rights Division
				ERIC NEFF
				Trial Attorney, Voting Section
				Civil Rights Division
				4 Constitution Square
				150 M Street, Room 8.139
				Washington, D.C. 20002
				Eric.Neff@usdoj.gov
				Tel. (202) 704-5430
				Attorneys for the United States