IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>ANTHONY ALBENCE, in his official capacity as State Election Commissioner of the State of Delaware,<br><br>*Defendant.* | Case No. 25-cv-01453-RGA<br>Hon. Richard G. Andrews<br><br>**[PROPOSED] ANSWER** |

**BETHANY JENNINGS AND GEMMA LOWERY'S PROPOSED ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Proposed Intervenors Bethany Jennings and Gemma Lowery answer Plaintiff's Complaint (D.I. 1) as follows:

**INTRODUCTION**[1]

1. Paragraph 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute and opinion cited contain the quoted text. Proposed Intervenors otherwise deny the allegations.

2. Paragraph 2 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

---

[1] These headings are included because they appear in the Plaintiff's Complaint and are duplicated to aid the comparison between the Plaintiff's Complaint and the Proposed Intervenors' Answer. They are not factual assertions in and of themselves and accordingly do not require a response. Their reproduction in this Answer should not be understood otherwise, nor should they be understood to make any admission on behalf of the Proposed Intervenors.

1

Intervenors admit that the statute cited contains language similar to the quoted text.

3. Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the opinion cited contains the quoted text. Proposed Intervenors otherwise deny the allegations.

4. Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the opinions cited contain the quoted text. Proposed Intervenors otherwise deny the allegations.

## JURISDICTION AND VENUE

5. Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that this action arises under federal law and that it is brought by the United States as a Plaintiff. Proposed Intervenors otherwise deny the allegations.

6. Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendant resides in the District of Delaware.

## PARTIES

7. Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that this case is brought by the United States as a Plaintiff admits that this case is brought by the United States as a Plaintiff and that the Attorney General has certain enforcement authorities under the CRA, the NVRA, and HAVA. Proposed Intervenors deny that those

enforcement authorities authorize this action.

8. Paragraph 8 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Commissioner Albence is a Defendant in this action and he is being sued in his official capacity only.

## BACKGROUND

9. Proposed Intervenors deny the allegations in Paragraph 9.

10. Paragraph 10 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the NVRA and HAVA impose certain obligations on states with respect to voter registration lists and that the NVRA requires states to preserve certain records. Proposed Intervenors otherwise deny the allegations.

## THE NATIONAL VOTER REGISTRATION ACT

11. Paragraph 11 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited contains the quoted text and that Commissioner Albence is the chief election official of the State of Delaware. The statute otherwise speaks for itself.

12. Paragraph 12 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited contains the quoted text. The statute otherwise speaks for itself.

13. Paragraph 13 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

Intervenors admit that the statute cited contains the quoted text. The statute otherwise speaks for itself.

## THE HELP AMERICA VOTE ACT

14. Paragraph 14 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited contains the quoted text. The statute otherwise speaks for itself.

15. Paragraph 15 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited contains the quoted text. The statute otherwise speaks for itself.

## FACTUAL ALLEGATIONS

16. Proposed Intervenors admit that the cited website in Paragraph 16 contains language similar to the quoted text and that the United States Election Assistance Commission conducts a biennial Election Administration and Voting Survey. The cited website otherwise speaks for itself.

17. Proposed Intervenors admit that the cited report in Paragraph 17 contains the quoted language. The report otherwise speaks for itself.

18. Paragraph 18 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that a letter was sent to Commissioner Albence (the "July 11 Letter") on July 11, 2025. Proposed Intervenors deny the remaining allegations in Paragraph 18.

19. Paragraph 19 contains legal contentions, characterizations, conclusions, and

opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the July 11 Letter requested a list of Delaware election officials and further requested that Commissioner Albence provide a copy of Delaware's statewide voter registration list. Proposed Intervenors deny that Commissioner Albence was required to provide that voter registration list and further deny the remaining allegations in Paragraph 19.

20. Proposed Intervenors admit that the July 11 Letter asked that Commissioner Albence send the requested information by email or through a file-sharing system. The letter otherwise speaks for itself.

21. Proposed Intervenors admit that on July 25, 2025, Commissioner Albence sent a letter (the "July 25 Letter") and that the July 25 Letter contains the quoted text. The letter otherwise speaks for itself.

22. Proposed Intervenors admit that a letter was sent to Commissioner Albence on August 4, 2025, again demanding Delaware's voter registration list. The letter speaks for itself. Proposed Intervenors otherwise deny the allegations.

23. Paragraph 23 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit a letter was sent to Commissioner Albence on August 14, 2025 (the "August 14 Letter") that purported to demand a copy of Delaware's statewide voter registration list. Proposed Intervenors otherwise deny the allegations.

24. Paragraph 24 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. Proposed Intervenors admit that the August 14 Letter contains the quoted text and state the letter speaks for itself. Proposed Intervenors otherwise deny the allegations.

25. Paragraph 25 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the August 14 Letter contains the quoted text and state that the letter speaks for itself. Proposed Intervenors otherwise deny the allegations.

26. Paragraph 26 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit on August 15, 2025, Commissioner Albence sent a letter (the "August 15 Letter") and that in the letter, Commissioner Albence did not agree to provide all the requested information. The letter speaks for itself. Proposed Intervenors otherwise deny the allegations.

27. The August 15 Letter speaks for itself. To the extent a response is required, Proposed Intervenors admit Commissioner Albence did not agree to provide all the requested information.

## COUNT ONE
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

28. Paragraph 28 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that a document purporting to be a demand for election records was sent to Commissioner Albence on August 14, 2025. Proposed Intervenors otherwise deny the allegations.

29. Paragraph 29 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited contains the quoted text and state that the statute speaks for itself. Proposed Intervenors otherwise deny the allegations.

30. Paragraph 30 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

Intervenors state that the cited letter speaks for itself. Proposed Intervenors admit that Commissioner Albence refused to provide all records requested but deny that Plaintiff was entitled to any of the requested records.

Immediately following Paragraph 30, the Complaint contains a request for relief in paragraphs (A)-(B), demanding equitable and declaratory relief. Proposed Intervenors deny that Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

Proposed Intervenors deny every allegation in Plaintiff's Complaint for Declaratory and Injunctive Relief that is not expressly admitted herein. They further deny that Plaintiff is entitled to any of the relief that it prays for.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part on equity, including on the basis of laches and unclean hands.

3. Plaintiff has failed to establish entitlement to injunctive relief.

4. The relief sought by the Plaintiff is inconsistent with the U.S. Constitution and federal law.

5. Plaintiff lacks authority to bring a cause of action.

## PROPOSED INTERVENORS' PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Proposed Intervenors pray for judgment as follows:

A. That the Court dismiss the Complaint;

B. That judgment be entered in favor of Proposed Intervenors and against Plaintiff on

Plaintiff's Complaint and that Plaintiff takes nothing thereby;

C. That Proposed Intervenors be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

| | |
|---|---|
| December 18, 2025 | Respectfully submitted, |
| | */s/ Mark M. Billion* |
| Elisabeth C. Frost* | Mark M. Billion (DE ID No. 005263) |
| Jacob D. Shelly* | **BILLION LAW** |
| Jimmy Pinchak* | 20184 Coastal Hwy, Suite 205 |
| Kevin Kowalewski* | Rehoboth Beach, DE 19971 |
| **ELIAS LAW GROUP LLP** | Tel.: (302) 428-9400 |
| 250 Massachusetts Ave. NW, Suite 400 | markbillion@billionlaw.com |
| Washington, DC 20001 | |
| Telephone: (202) 968-4490 | |
| efrost@elias.law | |
| jshelly@elias.law | |
| jpinchak@elias.law | |
| kkowalewski@elias.law | |

**Pro Hac Vice* Applications Forthcoming

*Attorneys for Proposed Intervenors*
*Bethany Jennings and Gemma Lowery*