IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

      Plaintiff,

      v.

ANTHONY ALBENCE, in his Official
Capacity as State Election Commissioner of
Delaware,

      Defendant.

Case Number: 1:25-cv-01453-RGA

**UNITED STATES' RESPONSE TO INTERVENOR-DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The United States respectfully submits this response to Intervenor-Defendants Bethany Jennings and Gemma Lowery's Notice of Supplemental Authority. Dkt. 68. In *United States v. Galvin*, No. 25-13816, 2026 WL 972129 (D. Mass. Apr. 9, 2026) (*Galvin*), the District Court ruled that Title III of the Civil Rights Act of 1960 (CRA), 52 U.S.C. § 20703, requires that the Attorney General's written demand for records must provide a "*factual* basis," not just a legal basis, to support a demand. *Galvin*, at *3 (emphasis added). *Galvin* acknowledged that in *Kennedy v. Lynd*, 306 F.2d 222, the stated basis for the demand was merely that there was "information in the possession of the Attorney General tending to show that" the states were violating the law. *Id*. at 229 n. 6. Nevertheless, *Galvin* ruled that the Attorney General's written demand letters did not provide a factual basis that satisfied *Lynd*. *See Galvin*, at *4.

The United States respectfully disagrees with *Galvin*'s overly formalistic interpretation of CRA procedure. Another out-of-circuit district noted in a footnote that a similar pair of demand letters "collectively put [the State] on notice of the basis and purpose of its request, which is sufficient to comply with the CRA." *United States v. Benson*, No. 25-1148, 2026 WL 362789, at *8, fn. 3 (W.D. Mich. Feb. 10, 2026), *appeal docketed* Feb. 27, 2026. If the Court is persuaded

by *Galvin's* formalistic approach, the United States requests that the Court provide leave for the United States to send the Defendant[s] a curing elaboration letter rather than dismiss on the merits to avoid unnecessary delay in resolution of the underlying legal issues.[1]

Dated: April 13, 2026

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section

*/s/ John R. Casali*
JOHN R. CASALI
Trial Attorney, Voting Section
Civil Rights Division
4 Constitution Square
150 M Street, Room 8.135
Washington, D.C. 20002
John.Casali@usdoj.gov
Tel. (202) 316-8087

*Attorneys for the United States*

---

[1] Judge Kari A. Dooley, United States District Judge for the District of Connecticut, suggesting the requisite cure for any alleged deficiency in the written demand, said: "If . . . I find the [written demand] letter does not meet the requisites for a court order, aren't we just back here in six months after a new letter has been sent?" *United States v. Thomas*, No. 3:26-cv-00021-KAD, Tr. of Oral Arg. 85:19-22 (D. Conn. Mar. 19, 2026) (attached as Ex. 1).

2