**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff*, <br><br> v. <br><br> ANTHONY ALBENCE, in his official capacity as State Election Commissioner of the State of Delaware, <br><br> *Defendant*, <br><br> Bethany Jennings and Gemma Lowery, <br><br> *Intervenor-Defendants*, <br><br> Latin American Community Center, *et al.*, <br><br> *Intervenor-Defendants*. | Case No. 1:25-cv-01453-RGA |

**INTERVENORS BETHANY JENNINGS AND GEMMA LOWERY'S RESPONSE TO
PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenors Bethany Jennings and Gemma Lowery respectfully submit this response to Plaintiff's Notice of Supplemental Authority regarding an Office of Legal Counsel ("OLC") opinion. *See* D.I. 74.

The OLC opinion is effectively an unauthorized surreply on the pending motions to dismiss in which one DOJ office opines that another DOJ office's litigation position is correct. The timing is revealing: Though DOJ sued Delaware on December 2, 2025, the OLC opinion is dated May 12, 2026—months after the motions to dismiss ripened and on the eve of oral arguments in three appeals stemming from the dismissal of DOJ's parallel claims for other States' voter lists. *See*

1

*United States v. Benson*, No. 26-01225 (6th Cir., argued May 13, 2026); *United States v. Oregon*, No. 26-01231 (9th Cir., to be argued May 19, 2026); *United States v. Weber*, No. 26-01232 (9th Cir., to be argued May 19, 2026). And unlike a typical OLC opinion, this one explicitly concerns arguments advanced in active litigation. *See* D.I. 74-1 at, *e.g.*, 7 n.7, 8 n.9; *see also* Off. of Legal Couns., *Memorandum for Attorneys of the Office Re: Best Practices for OLC Legal Advice and Written Opinions* at 3 (July 16, 2010), https://perma.cc/2DWR-ALS7 ("As a prudential matter, OLC generally avoids opining on questions likely to arise in pending or imminent litigation involving the United States as a party.").[1] Even setting aside the default rule that agency opinion letters are afforded no legal deference, *see Christensen v. Harris County*, 529 U.S. 576, 587–88 (2000), this legal brief dressed up as an OLC opinion should be given no weight.

May 16, 2026                                    Respectfully submitted,

                                                /s/ Mark M. Billion #5263
                                                Mark M. Billion
Elisabeth C. Frost*                             **BILLION LAW**
Jacob D. Shelly*                                20184 Coastal Hwy. Suite 205
Kevin R. Kowalewski*                            Rehoboth Beach, DE 19971
James J. Pinchak*                               Tel: (302) 428-9400
**ELIAS LAW GROUP LLP**                         markbillion@billionlaw.com
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
Tel: (202) 968-4490                             *Attorneys for Intervenors*
efrost@elias.law                                *Bethany Jennings and Gemma Lowery*
jshelly@elias.law
kkowalewski@elias.law
jpinchak@elias.law

\* Appearing *pro hac vice*

---

[1] This Best Practices memo remains in effect, notwithstanding OLC's choice to involve itself in pending litigation here. *See* https://www.justice.gov/olc/best-practices-olc-legal-advice-and-written-opinions.

Certificate of Service

A copy of this document was served on all counsel of record via CM/ECF on 5/16/26

Mark M. Billion #5263