IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

ANTHONY ALBENCE, in his official capacity
as State Election Commissioner of the State of
Delaware,

*Defendant*,

BETHANY JENNINGS and GEMMA
LOWERY,

*Intervenor-Defendants*,

LATIN AMERICAN COMMUNITY CENTER,
*et al*.,

*Intervenor-Defendants*.

Civil Action No. 1:25-cv-01453-RGA

**UNITED STATES' RESPONSE TO SUPPLEMENTAL AUTHORITY**
**(Dkt. 76)**

The United States responds to the Notice of Supplemental Authority by Intervenor-

Defendants Bethany Jennings and Gemma Lowery (Dkt. 76).

In *United States v. Bellows*, No. 1:25-CV-468, 2026 WL 1430481, at *7 (D. Me. May

21, 2026), and *United States v. Wisconsin Elections Comm'n (WEC)*, No. 25-CV-1036, 2026

WL 1430354, at *4 (W.D. Wis. May 21, 2026), district courts ruled that statewide voter

registration lists (SVRLs) are not records that come into the possession of election officers

because SVRLs are state-created. For the reasons the United States has briefed extensively,

these courts incorrectly limited the phrase "come into his possession" to exclude self-

generated documents. 52 U.S.C. § 20701; *see* Dkt. 57 at 12-15.  The *WEC* court further

conflated the United States' arguments about the moment "an election official [first] gains possession of the records" with the statute's limit on how long the duty to retain and preserve lasts. 2026 WL 1430354, at *4.

The *Bellows* court further held that Title III of the Civil Rights Act cannot be used to enforce the NVRA and HAVA. 2026 WL 1430481, at *8. The court admitted that "the text of Title III does not expressly limit the acceptable purposes for which the Attorney General can request documents." *Id.* at *7. But "[t]o determine whether the Attorney General's purpose [wa]s sufficient, [the court] start[ed] not with Title III, but with the text and structure of HAVA and the NVRA." *Id.* The NVRA and HAVA in no way purported to abrogate Title III, and it was error to use the silence of these later-enacted statutes to superimpose an extratextual limitation on Title III's purpose requirement. Dkt. 57 at 9-10; *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 502 (2018) ("It is this Court's duty to interpret Congress's statutes as a harmonious whole rather than at war with one another.").

Finally, the *WEC* court erred in finding "tension" between the "retain and preserve" requirement of 52 U.S.C. § 20701 and the fact that SVRLs must be continuously updated. 2026 WL 1430354, at *5. Proper retention and preservation include legally required updates; the statute mandates protection of covered records, not stagnancy. *See* Dkt. 57 at 17-18; *Voter Reference Found., LLC v. Torrez,* 160 F.4th 1068, 1085 (10th Cir. 2025) (interpreting "maintain" under the NVRA).

Dated: June 2, 2026,                    HARMEET K. DHILLON
                                        Assistant Attorney General
                                        Civil Rights Division

                                        JESUS A. OSETE

Principal Deputy Assistant Attorney General

ERIC V. NEFF
Acting Chief, Voting Section


/s/ John R. Casali
John R. Casali
Joseph Voiland
Civil Rights Division
150 M Street, 8th Floor
Washington, D.C. 20002
(202) 316 8087
John.casali@usdoj.gov