# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,

              Plaintiff,

      v.

ANTHONY ALBENCE, in his Official
Capacity as State Election Commissioner of
Delaware,

              Defendant.

Case No. 1:25-cv-01453-RGA

## UNITED STATES' RESPONSE TO SUPPLEMENTAL AUTHORITY
### (Dkts. 84 and 85)

The State Voter Registration List (SVRL) is not just any "record[] . . . requisite to voting," 52 U.S.C. § 20701, it is a federally mandated record that "serve[s] as the official voter registration list for the conduct of all elections for Federal office in the State," 52 U.S.C. § 21083(a)(1)(A)(viii). Despite the SVRL's paramount necessity in voting, the district courts in *United States v. Schmidt*, 2026 WL 1850016, at *2 (W.D. Pa. June 27, 2026); *United States v. Scanlan*, 2026 WL 1864054, at *4-6 (D.N.H. June 29, 2026); and *United States v. Board of Elections of the State of New York*, 2026 WL 1999921, at *8-11 (N.D.N.Y. July 10, 2026) ruled that an SVRL is not a voting "record" for purposes of Title III of the Civil Rights Act of 1960, 52 U.S.C. § 20701, because it is created by election officials and therefore does not "come into [their] possession," *id.* This narrow interpretation the Title III would have excluded the voter-registration lists of the 1960s—which, like SVRLs, were created by election officials—and thus would have

allowed election officials to avoid accountability for not registering black citizens, a result Congress could not have intended.

The district courts also erroneously reasoned that if an SVRL were a Title III "record," then updating the SVRL would be "alter[ing]" a record in violation of Title III's criminal provision. 2026 WL 1850016, at *2; 2026 WL 1864054, at *5; 2026 WL 1999921, at *9. Title III's criminal provision uses the word "willfully" followed by verbs that clearly limit the provision to the willful spoliation of records, something that has nothing to do with updating an SVRL in accordance with the law. *See Bryan v. United States*, 524 U.S. 184, 191 (1998) ("As a general matter, when used in the criminal context, a 'willful' act is one undertaken with a 'bad purpose.'").

Finally, the district court in *United States v. Warner*, 2026 WL 2018877, *6-7 (S.D.W.V. July 13, 2026) wrongly limited Title III to "an investigation into potential violations of an individual's right to vote." Title III's text includes no such limitation.

Dated: July 15, 2026

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

JESUS A. OSETE
Principal Deputy Assistant Attorney General

ERIC V. NEFF
Acting Chief, Voting Section

/s/ Jake T. Bachand
Jake T. Bachand; DC Bar #90028269
Civil Rights Division
150 M Street, 8th Floor
Washington, D.C. 20002
(202) 304-8146
jake.bachand@usdoj.gov

Attorneys for the United States