**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff*, <br><br> v. <br><br> ANTHONY ALBENCE, in his official capacity as State Election Commissioner of the State of Delaware, <br><br> *Defendant*, <br><br> BETHANY JENNINGS and GEMMA LOWERY, <br><br> *Intervenor-Defendants*, <br><br> LATIN AMERICAN COMMUNITY CENTER, *et al.*, <br><br> *Intervenor-Defendants*. | Case No. 1:25-cv-01453-RGA |

**CITATION OF SUPPLEMENTAL AUTHORITY**

Intervenor-Defendants Bethany Jennings and Gemma Lowery respectfully provide the Court a citation of supplemental authority supporting their motion to dismiss, D.I. 36; D.I. 61, and their response in opposition to DOJ's motion for production of records, D.I. 38. Additional federal courts—this time in New Jersey, Illinois and Colorado—have dismissed DOJ's parallel suits seeking unredacted statewide voter registration lists ("SVRL"). *See United States v. Caldwell*, No. 3:26-cv-2025, 2026 WL 2186515 (D.N.J. July 29, 2026); *United States v. Matthews*, No. 25-cv-3398, 2026 WL 2212877 (C.D. Ill. July 31, 2026); *United States v. Griswold*, No. 25-cv-03967, 2026 WL 2235374 (D. Colo. Aug. 3, 2026).

All three courts determined that the Federal Rules of Civil Procedure govern the litigation.

1

*See Caldwell*, 2026 WL 2186515, at *6; *Matthews*, 2026 WL 2212877, at *2–3; *Griswold*, 2026 WL 2235374, at *3. The New Jersey court dismissed on the grounds that the "plain text of Title III applies only to records 'which come into' election officers' 'possession' and thus does not extend to New Jersey's computerized VRL — a document the State itself created." *Caldwell*, 2026 WL 2186515, at *7. The Illinois court similarly dismissed based on the conclusion that Title III applies only to records that "come into [an election official's] possession," a phrase that does not encompass Illinois's voter list. *Matthews*, 2026 WL 2212877, at *3. In the alternative, the Illinois court held that DOJ's "written demand" failed to "include both a sufficient basis and legitimate purpose for requesting the unredacted voter registration list." *Id.* at *4. Finally, the Colorado court dismissed because Colorado's voter list does not "come into" state election officials' "possession," *Griswold*, 2026 WL 2235374, at *5, and because DOJ's demand "failed to provide a sufficient basis and purpose," *id.* at *4.

Intervenors have raised several of these arguments here. *See, e.g.*, D.I. 38 at 5–7; D.I. 37 at 10–13.

Dated: August 4, 2026                                    Respectfully submitted,


Elisabeth C. Frost*                                      /s/ Mark M. Billion
Jacob D. Shelly*                                         Mark M. Billion
Kevin R. Kowalewski*                                     **BILLION LAW**
James J. Pinchak*                                        20184 Coastal Hwy. Suite 205
**ELIAS LAW GROUP LLP**                                  Rehoboth Beach, DE 19971
250 Massachusetts Ave. NW, Suite 400                     Tel: (302) 428-9400
Washington, DC 20001                                     markbillion@billionlaw.com
Tel: (202) 948-1135
efrost@elias.law                                         *Attorneys for Intervenors*
jshelly@elias.law                                        *Bethany Jennings and Gemma Lowery*
kkowalewski@elias.law
jpinchak@elias.law


* Appearing *pro hac vice*


2